UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

WILLIS MILLER,

    Plaintiff,

v.                                                   Case No. 3:21cv4774-LC-HTC

SANTA ROSA CORRECTIONAL
  INSTITUTION, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

Plaintiff Willis Miller, a prisoner proceeding *pro se*, initiated this civil rights action in the Middle District of Florida by filing a handwritten "complaint" containing a stream of consciousness recitation of various issues at the Santa Rosa Correctional Institute ("SCRI"), from alleged retaliation to failure to respond to grievances and black mold. ECF Doc. 1. On December 22, 2021, the Middle District transferred this matter to this District. ECF Doc. 2. The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(C).

Because Plaintiff has completely failed to respond to this Court's orders requiring him to file an amended complaint and pay the filing fee, the undersigned respectfully recommends this case be dismissed without prejudice for failure to

prosecute and failure to comply with an order of the Court. Additionally, the undersigned also recommends this action be dismissed because Plaintiff is a three-striker under 28 U.S.C. § 1915(g), who did not pay the Court's filing fee, and has not shown that he is under imminent danger of serious physical injury.

## I.  BACKGROUND

On or about December 13, 2021, Plaintiff filed a handwritten document titled "Complaint To The Court," which the clerk docketed as a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF Doc. 1. In the document, Plaintiff alleges he is being retaliated against unnamed SRCI officers "under the authority of J. Santiago, Major Oaks, and Officer Benefield." *Id.* at 1. Plaintiff asserts SRCI officers are tampering with his "food, legal mail, personal property, and grievances." *Id.* Specifically, each time Plaintiff files a grievance, he "never receive[s] a response about [the] retaliation" and instead "get[s] threats from officials." *Id.* Plaintiff also has received food trays "contaminated with black mold," and he and his cellmate have been placed on close management 3, where they are "not being able to work or come out [of their] cell[s] like other" close management inmates. *Id.* at 2.

Plaintiff further alleges he is "being . . . tormented as well as  . . . being generally (sic) harassed, and neglected, and deprived [of] prison rights and also constitutionally vested rights, which has traumatized [him]." *Id.* Finally, Plaintiff "advise[s] the Court that [he] . . . and several other Santa Rosa prisoners . . . have

filed for the economic impact payments under the Cares Act" but have "never received any money" and he has not received "any response's (sic) from the I.R.S." *Id.* at 3.

## II. PLAINTIFF'S FAILURE TO PROSECUTE

On January 3, 2022, the Court ordered Plaintiff to, within twenty-one (21) days, file an amended complaint on the Court's official forms and to pay the Court's $402.00 filing fee. ECF Doc. 4. Plaintiff was advised his failure to comply with the order, may result in a recommendation that this case be dismissed for failure to prosecute and comply with an order of the Court. *Id.* Nonetheless, Plaintiff did not comply with that order. Thus, on February 1, 2022, the Court gave Plaintiff fourteen (14) days to show cause why his case should not be dismissed for failure to prosecute or comply with Court orders. ECF Doc. 6. The time for Plaintiff to respond to the Court's show cause order has also passed without a response from Plaintiff.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x 912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff has not filed anything with the Court since initiating this action approximately two (2) months ago. Thus, dismissal is also appropriate for failure to prosecute. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)). A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

### III. PLAINTIFF IS A 3-STRIKER

As an additional ground for dismissal, Plaintiff is a three-striker who did not pay the $402.00 filing fee when he filed his complaint and, as stated above, has failed to pay the fee despite being given an opportunity to do so.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner seeking to proceed *in forma pauperis* cannot do so if he has filed at least three (3) cases which have been dismissed for failure to state a claim or as frivolous or

malicious. Specifically, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, provides:

> In no event shall a prisoner [proceed *in forma pauperis* in a civil action] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A prisoner who is barred from proceeding *in forma pauperis* must pay the filing fee at the time he initiates his lawsuit, and his failure to do so warrants dismissal of his case without prejudice. *See Dupree v. Palmer,* 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed in forma pauperis pursuant to the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he initiates the suit"). The only exception is if the prisoner demonstrates that he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Brown v. Johnson*, 387 F.3d 1344 (11th Cir. 2004).

The Court takes judicial notice that Plaintiff has filed at least three (3) prior actions as a prisoner which have been dismissed as a "strike" under § 1915(g), including *Miller v. Lains*, et al., 3:17cv1234 (M.D. Fla.) (dismissed as frivolous and for failure to state a claim); *Miller v. Day*, 3:21cv371 (N.D. Fla.) (dismissed as malicious for failure to disclose his litigation history); and *Miller v. Santa Rosa Law*

*Officials*, 3:21cv127 (M.D. Fla.).[1]  Thus, for Plaintiff to proceed *in forma pauperis* he must show he is under imminent danger of serious physical injury, a showing he cannot meet.

To fall within the imminent danger exception, Plaintiff's complaint must include "specific, credible allegations of imminent-danger of serious physical harm." *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011).  The imminent danger exception is construed narrowly and is available only "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Here, Plaintiff simply presents no facts showing that that he is under imminent danger of serious physical harm.  Instead, Plaintiff's allegations of "tampering" and of being "tormented" are vague, conclusory, and conspiratorial.  Plaintiff does not, for example, explain how his food is being tampered with, how he is being tormented, what the tampering consists of, or how he is under any imminent threat of physical injury.

---

[1] Plaintiff has filed 27 cases in the Middle District, 17 of which were dismissed for failure to follow a court order. "Dismissals for . . . failing to comply with court orders . . . fall under the category of "abuse of the judicial process", which the Eleventh Circuit has held to be a "strike-worthy" form of dismissal under Section 1915(g).". *Baskin v. Doe*, No. 1:21-CV-119-AW-GRJ, 2021 WL 4526708, at *2 (N.D. Fla. Aug. 17, 2021), *report and recommendation adopted*, No. 1:21-CV-119-AW-GRJ, 2021 WL 4523081 (N.D. Fla. Oct. 4, 2021) (citing *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998); *see also Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993) (characterizing failure to comply with court orders as "abuse of the judicial process").

Case No. 3:21-cv-4774-LC-HTC

Such vague and conclusory allegations simply do not rise to the level of showing imminent harm. *See e.g., Cole v. Tifft*, 2009 WL 3668094, at *2 (N.D. Fla. Oct. 23, 2009) (citing *Luedtke v. Bertrand,* 32 F.Supp.2d 1074, 1077 (E.D. Wis. 1999) (plaintiff's "vague allegation of a conspiracy among the defendants to beat, assault, injure, harass and retaliate against him are insufficient and lack the specificity necessary to show an imminent threat of serious physical injury"); *Welch v. Selsky*, 2008 WL 238553, at *5 (N.D.N.Y. Jan. 28, 2008) ("[t]he imminent danger an inmate faces ... must be real, and not merely speculative or hypothetical")).

Plaintiff, therefore, is not entitled to proceed *in forma pauperis* under the imminent danger exception to § 1915(g) and this action should be dismissed on the ground that Plaintiff did not pay the full filing fee at the time he initiated this action. *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (stating that, after three (3) meritless suits, a prisoner must pay the full filing fee at the time he initiates suit).

Accordingly, it respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Plaintiff's failure to prosecute and failure to comply with Court orders and because Plaintiff is a three-striker under 28 U.S.C. § 1915(g) who did not pay the filing fee.

2. The clerk be directed to close this file.

At Pensacola, Florida this day 25th day of February, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 3:21-cv-4774-LC-HTC